United States District Court for the Southern District of Texas
Victoria Division

| | |
|---|---|
| Romana Gallegos, §  §  § | |
| Plaintiff, | |
| | Case no. 6:23-cv-00063 |
| v. § § | |
| U.S. Marshal Max Hernandez and § | |
| Victoria Police Department John Does 1-5 § § | |
| Defendants. § | |

**PLAINTIFF'S COMPLAINT**

Plaintiff Romana Gallegos brings this lawsuit against U.S. Marshal Max Hernandez and Victoria Police department Does 1-5 for the shooting of her unarmed son, Javier "JD" Lane. On Jan. 5, 2022, JD was fatally shot in the back and killed by U.S. Marshal Max Hernandez after running, unarmed, from a traffic stop toward a large, open field. Defendants failed to render any first aide to JD despite knowing that he was unarmed and not a threat.

JD Lane never had his day in court, rather he was convicted as guilty by U.S. Marshal Max Hernandez and was given the death penalty.

**STATEMENT OF CLAIMS**

1. Plaintiff Romana Gallegos brings this civil action for compensatory and punitive damages against U.S. Marshal Max Hernandez for Unreasonable and Excessive Force under 42 U.S.C.A. §1983.

2. Plaintiff also claims that Defendant Hernandez and Does 1-5 deliberately failed to provide adequate medical assistance to JD Lane under 42 U.S.C.A. §1983.

3. Plaintiff also claims that Defendant Hernandez and Does 1-5 conspired and acted in a way to injure, oppress, threaten, and intimidate JD Lane in the free exercise and enjoyment of the rights and privileges and equal protection of the law under 42 U.S.C.A. §1983.

1

4. Plaintiff claims that the shooting and killing of JD Lane by Defendant U.S. Marshal Max Hernandez was an unlawful, unwarranted, and intentional assault and battery under Texas Penal Code §22.01.

5. Plaintiff claims that U.S. Marshal Max Hernandez's use of force constitutes a use of deadly force under Texas Civil Code §71.002 and Texas Penal Code §§ 9.51 through 9.52.

6. Plaintiff claims that the fatal shooting of JD Lane by U.S. Marshal Max Hernandez was a wrongful death as defined by the Wrongful Death Act under the Texas Civil Code §71.002.

7. Plaintiff claims that U.S. Marshal Max Hernandez assaulted JD Lane, leading to his death.

**PARTIES**

8. Plaintiff Romana Gallegos is JD's mother and resides in Victoria, Texas. She brings this case on behalf of herself as a statutory wrongful death beneficiary and on behalf of her deceased son as his only heir.

9. Defendant Max Hernandez is a U.S. Marshal who shot and killed JD Lane. He works and upon information and belief, resides in Victoria, Texas.

10. John Does 1-5 are, upon information and belief, Victoria Police Department officers, who were at the scene of JD's death and failed to administer life-saving measures and medical care resulting in JD's death. Each works, and upon information and belief, resides in Victoria, Texas.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this 42 U.S.C. § 1983 lawsuit under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights) and §1346 (suits against the United States).

12. This Court has general personal jurisdiction over the individual Defendants because each works in Victoria County, Texas.

13. This Court has specific personal jurisdiction over Defendants because this case is about their conduct that occurred in Victoria County, Texas.

14. Under 28 U.S.C. § 1391(b), the Southern District of Texas is the correct venue for this lawsuit because the relevant events occurred in this district and division.

**FACTS**

15. On Jan. 4, 2022, there was a robbery at Mayfair Plaza in Victoria, Texas where a victim described his attacker as "a bald Mexican with tattoos on his face and a red bandana around his neck."

16. Shortly after, there was a robbery on Houston Highway in Victoria, Texas where a man was robbed and beaten by "three Hispanic males," one of whom had a pistol.

17. Later that day there were shots fired, but no injuries, near Bottom Street in Victoria, Texas by a person who a 911 caller described as "Hispanic."

18. Near midnight on Jan. 5, 2022, a 911 caller in Victoria, Texas alleged that her boyfriend was assaulted by JD and two other men, one of whom—according to the caller—was in possession of a .25 caliber pistol.

19. On the morning of Jan. 5, 2022, Victoria Police Department obtained an arrest warrant for JD for "Felon in Possession of a Firearm."

20. In the afternoon of Jan. 5, 2022, JD was a passenger in a vehicle which was stopped by Victoria Police Department. JD ran from the traffic stop and Defendant U.S. Marshal Max Hernandez shot him fatally in the back from close range.

21. JD was shot in the back as he ran toward a barbed wire fence with a locked gate.

22. The officers chasing JD would have been able to apprehend JD as he slowed down to scale the fence or gate.

23. In the unlikely event that JD had managed to scale the fence, there was an open field on the other side and JD would have had to cover a significant distance before reaching any other people.

24. JD was unarmed. He was found with a small pipe-scraper in his hand.

25. Defendant Hernandez claimed he saw a "silver metallic object in Lane's right hand" before he shot JD in the back. This claim is dubious.

26. After the shooting, Defendant Hernandez and Does 1-5 did not render first aid or try to save JD. Upon information and belief, Defendants discouraged a nurse from a nearby business from rendering first aid. EMS was unable to help JD when they arrived.

27. In the period between the shot fired by Defendant Hernandez and JD's death, JD suffered severe and significant conscious pain and suffering.

28. As a direct and proximate result of the Defendants' actions, JD is no longer alive. Ms. Gallegos now suffers emotional injury, pain and suffering, and has been deprived of witnessing her son's life.

29. The Defendants' acts were reckless, willful, wanton, and malicious, thus entitling Ms. Gallegos to an award of punitive damages.

## CAUSES OF ACTION

### I. Violation of 42 U.S.C.A. §1983—Unreasonable and Excessive Force as to Defendant Max Hernandez and Victoria Police Department Does 1-5

30. Plaintiff incorporates by reference all of the foregoing and further allege as follows:

31. Defendant Max Hernandez's conduct toward JD Lane constituted excessive force in violation of the United States Constitution. These actions were objectively unreasonable and were undertaken intentionally with willful indifference to JD's Constitutional rights.

32. Defendant Max Hernandez's action in shooting JD without justification was reckless and/or intentional. By his conduct, Defendant Hernandez, under color of state law, deprived JD of his right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     Defendant Max Hernandez did not utilize other, less than lethal, instruments to restrain JD. Upon information and belief, Defendant Hernandez was in possession of a taser, which he failed to use. Defendant Hernandez purposefully used a gun to shoot and ultimately kill JD. Defendant Hernandez specifically made the choice to use a gun.

34.     Victoria Police Department 1-5's passive conduct and refusal to intervene when needed nor diffuse the situation constituted complicity in the excessive force used by Defendant Hernandez in violation of the United States Constitution. By allowing the situation to escalate, by misusing de-escalation trainings, by failing to use less than lethal force, and by inaction, Does 1-5, under color of state law, deprived JD Lane's right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendments to the United States Constitution.

35.     As a result of the unjustified and excessive use of force by Defendant Max Hernandez and the inaction of Does 1-5, Plaintiff has suffered pain and injury, as well as emotional distress. In addition, Plaintiff has suffered financial losses stemming from JD's funeral costs related to this incident.

## II.    42 U.S.C.A. §1983 Deliberate Indifference to Serious Medical Needs as to Defendant Max Hernandez and Defendants Victoria Police Department Does 1-5

36.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

37.     Defendants, under color of state law, failed to provide medical assistance to JD Lane while he was in their custody, with deliberate indifference to Victim's serious medical needs and in violation of Victim's rights under the Fourteenth Amendment to the United States Constitution.

38.     It was immediately apparent to Defendants that JD was unarmed and yet they continued to act as though he were a threat.

39.     Between the time of the shooting and EMS's arrival, no life-saving measures were used to ensure JD's survival. Defendant Hernandez and Does 1-5 had adequate time and knowledge to provide life saving measures yet failed to do so.

5

40. Defendants also discouraged a medical professional from a nearby business from giving JD first aid.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged above.

**III.    42 U.S.C.A. §1983—Failure to Intervene as to Defendants Victoria Police Department John Does 1-5**

42. Plaintiff incorporates by reference, all of the foregoing and further alleges as follows:

43. Defendant Does 1-5 had reasonable opportunity to prevent Defendant Hernandez from using excessive force against JD if they had been so inclined, but they failed to do so.

44. As a result of the Defendant Does' failure to intervene, JD suffered pain, injury, death as well as emotional distress in the last few minutes of his life. In addition, Ms. Gallegos suffered emotional distress and financial losses stemming from JD's death and subsequent funeral arrangements.

45. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

**IV.    42 U.S.C.A. §1983 Conspiracy as to Defendants U.S. Marshal Max Hernandez and Victoria Police Department Does 1-5**

46. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

47. Defendants, under color of state law, conspired with each other, reached a mutual understanding, and acted or was an otherwise willful participant to undertake a course of conduct to injure, oppress, threaten, and intimidate JD Lane in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution, including the right:

    a. To be free from the intentional use of unreasonable force;

    b. To be free from the delay and denial of medical attention;

    c. To be free from unnecessary and wanton infliction of pain;

    d.   To be free from the deprivation of life without due process of law.

48. Defendants took numerous overt steps and were otherwise willful participants in a joint activity in furtherance of such conspiracy, as set forth above.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged above.

### V. Common Law Assault—under Texas Penal Code §22.01 as to Defendant Max Hernandez

50. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

51. In shooting and killing JD Lane, Defendant Hernandez, acting in his capacity as a U.S. Marshal of the Southern District of Texas and within the scope of his employment, committed an unlawful, unwarranted, and intentional assault on JD.

52. The shooting described above, constituted offensive physical contact with JD and was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to JD's rights.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged.

### VI. Common Law Use of Force or Deadly Force—Under Texas Civil Code §83.001 as to Defendant Max Hernandez

54. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

55. Defendant Max Hernandez, acting in his capacity as U.S. Marshal of the Southern District of Texas and within the scope of his employment, negligently shot at JD Lane, proximately causing his death.

56. This use of force was not justified pursuant to Chapter 9 of the Texas Penal Code. The force used was not "immediately necessary to protect the actor against the other's use or attempted use of unlawful force" as JD was not using force. Rather, JD was running away. There was no valid or perceived threat.

57. As a direct and proximate result of the negligence, misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged above.

### VII.  Wrongful Death Act—Under Texas Civil Code §71.002 as to Defendant Max Hernandez

58. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

59. Defendant Max Hernandez negligently fired his firearm and subsequently killed JD by incorrectly assuming that JD Lane was armed.

60. Defendant Max Hernandez wrongfully used deadly force with a weapon resulting in the death of JD Lane.

61. Defendant Max Hernandez was fully trained to handle a situation like the one he encountered JD in, yet Defendant Hernandez fired his firearm in a way that guaranteed death. Defendant Hernandez's conduct can be described as unskillful and careless.

62. Defendant Max Hernandez had a duty to enforce the law, including JD's right to due process which was violated by Defendant Hernandez's killing of JD.

63. Defendant Hernandez's actions were a direct and proximate cause of JD's death, and as a result Plaintiff sustained the damages alleged above.

### VIII.  Common Law Use of Force or Deadly Force—Under Texas Penal Code §§ 9.51, 9.52 as to Defendant Max Hernandez

64. Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

65. Defendant Max Hernandez used more force than was needed for self-defense by fatally shooting JD Lane.

66. A reasonable person would not believe that the force used by Defendant Hernandez was necessary to stop JD.

67. Defendant Max Hernandez was not attacked by JD, in fact, JD was running away from Defendant Hernandez, not towards him.

68. Defendant Max Hernandez did not manifest his purpose to arrest or search JD.

69. JD was unarmed. A reasonable person would not believe that there was substantial risk that necessitated a fatal shooting.

70. Defendant Hernandez's actions were a direct and proximate cause of JD Lane's death, and as a result Plaintiff sustained the damages alleged above.

**Damages**

71. Plaintiff is entitled to compensatory and punitive damages against Defendants in the maximum amounts allowed by law.

72. More specifically, as the actions and omissions of Defendants were the moving force of the injuries and damages to Plaintiff. Plaintiff asserts claims under

73. Damages include, but are not limited to, the following:

- past and future physical pain and suffering;
- past and future mental anguish; and
- attorneys' fees and costs pursuant to 42 U.S.C. §1988, 42 U.S.C. §12205, or as allowed by law.

**ATTORNEYS' FEES AND COSTS**

74. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover attorneys' fees and costs against Defendants.

**REQUEST FOR JURY TRIAL**

75. Romana Gallegos requests a Jury Trial.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff requests that the Court:

A. Award compensatory damages against Defendant Max Hernandez and Victoria Police Department Does 2-4;

B.  Award pre-judgment and post-judgment interest at the highest rate available under the law;

C.  Find that Plaintiff is the prevailing party in this case and award her attorneys' fees, court costs, expert costs, and litigation expenses; and,

D.  Grant such other and further relief as appears reasonable and just, to which Plaintiff may be entitled.

                Respectfully submitted,
                */s/ Rebecca Webber*
                Rebecca Webber
                Webber Law
                4228 Threadgill Street
                Austin, Texas 78723
                512-537-8833
                rebecca@rebweblaw.com